UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONWIDE GENERAL INSURANCE
COMPANY,

     Plaintiff,

v.             Case No: 6:19-cv-2327-WWB-DCI

JACOB PELKEY and KATHRYN
NOVAK,

     Defendants.
             /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motions for Summary Judgment (Doc. Nos. 46, 49), Defendant Kathryn Novack's Response and Opposition (Doc. 53), Defendant Jacob Pelkey's Response in Opposition (Doc. 54), and Plaintiff's Replies (Doc. Nos. 57, 58). For the reasons set forth below, Plaintiff's Motions will be granted.

**I. BACKGROUND**

Kathryn Novak sued Jacob Pelkey, among others, in state court for damages that resulted from Pelkey publishing a video of Novak engaging in a private sexual act with Brandon Simpson at Delta Sigma Phi's official chapter meeting and on its Facebook page called the "Dog Pound." ("**State Court Amended Complaint**," Doc. 1-1, ¶¶ 11, 23, 29–31, 35). The State Court Amended Complaint includes claims for invasion of privacy, intrusion, intentional infliction of emotional distress, negligence, violation of section 784.049 of the Florida Statutes, and the unauthorized publication of Novak's name or likeness. (*See Generally id.*).

Plaintiff, Nationwide General Insurance Company ("**Nationwide**"), issued Homeowners Policy Number 51 44 HO 674971 ("**Nationwide Policy**") to Pelkey's father, Ronald Pelkey. (Doc. 1-2 at 1; Doc. 49-1, ¶ 4). The Nationwide Policy was in effect from July 31, 2017, through January 31, 2018, when it was terminated pursuant to Ronald Pelkey's request to cancel it. (Doc. 1-2 at 3; Doc. 49-1, ¶¶ 4–5). As a result, Nationwide is providing a defense to Pelkey against the State Court Amended Complaint pursuant to a reservation of rights. (Doc. 49-1, ¶ 6). It is sharing the defense with Liberty Mutual Insurance, the insurer that issued a subsequent policy. (*Id.* ¶ 7)*.*

The Nationwide Policy provides personal liability coverage as follows:

COVERAGE E – PERSONAL LIABILITY

We will pay damages an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property. We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.

(Doc. 1-2 at 27 (emphasis omitted)). However, the personal liability coverage is subject to the following exclusions:

1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:

a) caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct.

This exclusion 1.a.) does not apply to corporal punishment of pupils.

b) caused by or resulting from an act or omission which is criminal in nature and committed by an insured.

This exclusion 1.b) applies regardless of whether the insured is actually charged with, or convicted of a crime*.*

(*Id.* at 30 (emphasis omitted)).

As set forth in the Nationwide Policy, an occurrence is defined as "bodily injury or property damage resulting from an accident, including continuous or repeated exposure to the same general condition" provided that "[t]he occurrence must be during the policy period." (*Id.* at 27 (emphasis omitted)). Bodily injury is "bodily harm, including resulting care, sickness or disease, loss of services or death." (*Id.*). "Bodily injury does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm." (*Id.* (emphasis omitted)).

As a result of the foregoing exclusions, Nationwide filed this declaratory action under 28 U.S.C. § 2201 asking for a declaration that Nationwide has no duty to defend or indemnify Jacob Pelkey against the claims alleged by Novak in the State Court Amended Complaint. (*See generally* Doc. 1).

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.,* 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III. CHOICE OF LAW

Where the Court has obtained jurisdiction through diversity of citizenship, it "is bound to apply the substantive law of the state in which it is located," including the "state's law regarding choice of laws." *Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116, 1118 (11th Cir. 1990); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

With respect to contract disputes, Florida has adhered to the traditional rule of *lex loci contractus* which "directs that, in the absence of a contractual provision specifying the governing law, a contract (other than one for the performance of services) is governed by the law of the state in which the contract is made, *i.e.,* where the last act necessary to complete the contract is done." *Fioretti v. Mass. Gen. Life. Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) (footnote omitted). In this case, Vermont law would apply because the Nationwide Policy was delivered and applied for within the State of Vermont. *See Sturiano v. Brooks*, 523 So. 2d 1126, 1129–30 (Fla. 1988) ("When parties come to terms

in an agreement, they do so with the implied acknowledgment that the laws of that jurisdiction will control absent some provision to the contrary."). The parties, however, agree that there is no conflict between the laws of Florida and Vermont as to the dispositive issues in this case and use law from each state interchangeably. (Doc. 49 at 9; Doc. 53 at 2–3; Doc. 54 at 6). Therefore, the Court will consider Florida law as persuasive authority in this case as well. *See Goodnight v. Bos. Sci. Corp.*, No. 18-62370-CIV, 2020 WL 6873737, at *4 (S.D. Fla. Nov. 23, 2020) ("Unlike subject-matter jurisdiction—which a court must *always* consider, and which can neither be waived nor acceded to—the parties can stipulate to (or waive) the law that will govern the various claims or issues in a federal diversity case.").

## IV. DISCUSSION

Nationwide seeks a declaration that it has neither a duty to defend Pelkey in the underlying action nor a duty to indemnify him if he is found liable. Under Vermont law, to determine if a duty to defend exists, the Court "compare[s] the language of the policy to the language of the complaint." *Integrated Techs., Inc. v. Crum & Forster Specialty Ins. Co.*, 217 A.3d 528, 535 (Vt. 2019) (quotation omitted). "It 'is the actual complaint, not some hypothetical version, that must be considered.'" *Id.* (quoting *Conn. Indem. Co. v. DER Travel Serv., Inc.*, 328 F.3d 347, 350–51 (7th Cir. 2003)); *see also Liberty Mut. Fire Ins. Co. v. Mark Yacht Club on Brickell Bay, Inc.*, No. 09-20022-CIV, 2009 WL 2633064, at *3 (S.D. Fla. Aug. 25, 2009) ("The duty to defend does not hinge on the true facts that gave rise to the cause of action against the insured, the insured's version of those facts, or the insured's defenses to the underlying complaint."); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005) ("[W]hen the actual facts are inconsistent with the

allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend." (quotation omitted)). The insurer is obligated to defend the entire suit if the complaint alleges facts partially within and partially outside the scope of coverage. *Auto-Owners Ins. Co. v. Globe Int'l Ministries, Inc.*, No. 3:14cv150, 2015 WL 11110847, at *3 (N.D. Fla. Sept. 26, 2015) (citation omitted); *see also Co-operative Ins. Cos. v. Woodward*, 45 A.3d 89, 93 (Vt. 2012) ("Insurers have a duty to defend when the claim against the insured 'might be of the type covered by the policy.'" (quoting *Garneau v. Curtis & Bedell, Inc.*, 610 A.2d 132, 134 (Vt. 1992)). Further, the Court should resolve any doubts regarding the duty to defend in favor of the insured. *Auto-Owners Ins. Co.*, 2015 WL 11110847, at *3 (citing *Harford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006)).

However, "[t]he duty to indemnify is separate and distinct from the duty to defend" and is "measured by the facts as they unfold at trial or are inherent in a settlement agreement." *Hatmaker v. Liberty Mut. Fire Ins. Co.*, 308 F. Supp. 2d 1308, 1313 (M.D. Fla. 2004) (quotation and citation omitted). Because "the duty to indemnify is narrower than the duty to defend . . . [it] cannot exist if there is no duty to defend." *Founders Ins. Co. v. Pickell*, No. 6:11-cv-1309-Orl-36GJK, 2013 WL 12159202, at *4 (M.D. Fla. Mar. 22, 2013) (citing *WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 906 (Fla. 2d DCA 2009)); *see also State Farm Mut. Auto. Ins. Co. v. Colby*, 82 A.3d 1174, 1178 (Vt. 2013) (explaining that the threshold issue is whether the insurer has a duty to defend as opposed to a duty to indemnify because that is the most expansive duty under an insurance policy). In other words, if this Court determines that Nationwide has no duty to defend Pelkey then Nationwide likewise has no duty to indemnify Pelkey.

Having established these basic principles, the Court now turns to the parties' arguments. Nationwide argues that it has no duty to defend Pelkey because the State Court Amended Complaint does not allege a bodily injury as defined by the Nationwide Policy. Defendants counter, however, that severe emotional distress, humiliation, severe mental anguish, and depression fall under the Policy's definition of bodily injury. In support of their argument, Defendants rely on *McGuire v. American States Ins. Co.*, 491 So. 2d 606 (Fla. 1st DCA 1986), for the proposition that physical manifestations of mental stress may qualify as bodily injuries. Additionally, Novak directs the Court to the physical manifestations set forth in her Affidavit (Doc. 53-1), but that are not alleged in the State Court Amended Complaint.

"An insurance policy must be construed according to its terms and the evident intent of the parties as expressed in the policy language." *City of Burlington v. Nat'l Union Fire Ins. Co.*, 655 A.2d 719, 721 (Vt. 1994) (citation omitted). "Disputed terms should be read according to their plain, ordinary and popular meaning." *Id.*

As set forth above, the Nationwide Policy states that Nationwide will provide a defense for "an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property." (Doc. 1-2 at 27 (emphasis omitted)). Pursuant to the Policy, an occurrence includes "bodily injury . . . resulting from an accident[,]" which happens "during the policy period. (*Id.* (emphasis omitted)). The Policy defines bodily injury as "bodily harm, including resulting care, sickness or disease, loss of services or death." (*Id.*) The Policy explicitly notes, however, that "*[b]odily injury does not include emotional distress, mental anguish,*

*humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm.*"  (*Id.* (emphasis added)).

Defendants' reliance on *McGuire* to negate the plain language of the Policy is misplaced.  Although it is true that, in Florida, a plaintiff's mental anguish which results in physical manifestations may constitute bodily injury under an insurance policy, the policy at issue in *McGuire* defined bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom," and did not include an exclusion of emotional harm.  *McGuire*, 491 So. 2d at 607–08.  Here, the Policy explicitly defines bodily injury to exclude such injuries unless they flow directly from bodily harm.  Furthermore, the courts that have construed the exclusion contained in the Nationwide Policy have rejected the argument made by Novak and Pelkey and found that such language excludes physical injuries caused by a mental or emotional injury.  *See D.B.C. ex rel. M.A.M. v. Pierson*, No. 2:13-CV-00377, 2014 WL 2155017, at *4 (N.D. Ala. May 22, 2014) (construing same definition of bodily injury and concluding that there was no coverage for physical injuries caused by a mental injury); *Nationwide Prop. & Cas. Co v. Lacayo*, No. 2:07cv809, 2008 WL 4831743, at *3 (M.D. Ala. Nov. 3, 2008) ("[I]t appears that Nationwide—by limiting its personal liability coverage to that arising out of an 'occurrence,' defining 'occurrence' to include only 'bodily injury' . . . , and defining 'bodily injury' to exclude emotional distress—has crafted a policy that protects it from ever having to pay damages for emotional distress."); *Nationwide Mut. Ins. Co. v. Pasiak*, No. X08CV084015401, 2012 WL 310772, at *8 (Conn. Super. Ct. Jan. 9, 2012); *see also Knutsen v. State Farm Fire & Cas. Co.*, 375 F. Supp. 3d 514, 520–22 (D. Vt. 2019) (construing a policy explicitly excluding "[e]motional distress . . . unless

8

it arises out of actual physical injury to some person" from the definition of bodily injury and concluding the insurance company had no duty to defend or indemnify because the physical symptoms all stemmed from emotional distress, which was explicitly excluded from the policy).

Here, Novak alleges she suffered severe emotional distress, humiliation, severe mental anguish, depression, and emotional injuries. (Doc. 1-1, ¶¶ 52, 54, 64, 69, 74, 77). She does not allege in her State Court Amended Complaint or her Affidavit that any of her emotional or physical symptoms stemmed from or were the direct result of bodily harm. Because the plain language in the Nationwide Policy expressly excludes bodily injuries that manifest from mental distress, it would not matter if the Court looked beyond the facts set forth in the State Court Amended Complaint to the physical manifestations set forth in Novak's Affidavit because the physical manifestations do not qualify as bodily injuries under the Nationwide Policy. In sum, the Court finds that Nationwide has no duty to defend or duty to indemnify Pelkey because Novak's State Court Amended Complaint does not allege an occurrence under the Nationwide Policy as she does not allege bodily injury as defined therein.[1]

## V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Nationwide's Motion for Summary Judgment (Doc. 46) is **GRANTED**.
2. Nationwide's Motion for Summary Judgment (Doc. 49) is **GRANTED**.

---

[1] Because the Court finds that Novak's injuries are not covered by the Nationwide Policy, it is not necessary to reach Nationwide's alternative arguments.

3. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants, providing that Plaintiff has no duty or obligation under Homeowners Policy Number 51 44 HO 674971 to defend or indemnify Jacob Pelkey for any claims asserted against him by Kathryn Novak in the State Court Amended Complaint (Doc. 1-1).

4. Thereafter, the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on July 9, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record